## MASSACHUSETTS MUT. LIFE INS. Co. *v.* CHICAGO & A. R. Co. and others.

### (*Circuit Court, N. D. Illinois.* August 15, 1882.)

1. **PRACTICE—NECESSARY PARTY—TRUSTEE—ACT MARCH 3, 1875, § 8.**

   The successor in a deed of trust is a proper party defendant in a suit to adjudge the lien created by such deed a subsisting lien, and, if a resident of another district than that where the suit is pending, may be brought before the court under section 8 of act of congress of March 3, 1875.

2. **SAME—PENDENCY OF PRIOR SUIT—WHEN A BAR—INJUNCTION.**

   The pendency of a prior suit will not be a bar to a subsequent suit if the latter embraces more as to parties and subject-matter than such prior suit.

3. **SAME—RECEIVER APPOINTED BY ANOTHER COURT NOT MADE PARTY.**

   If a receiver appointed by one court is in possession of property he is not amenable to suit in another court in respect thereto, and if the property has passed beyond his control he would not in any event be a necessary party in a proceeding to adjudge a lien on such property still subsisting, notwithstanding the proceedings in the court wherein he was appointed receiver.

HARLAN, Justice. This cause has been argued and submitted upon certain demurrers, pleas, and exceptions to the master's report, and also upon a motion of the defendant John B. Dumont to set aside and discharge all proceedings herein against him.

The court does not find among the papers the answers of the Chicago & Alton Railroad Company and other defendants; but it will be

assumed, for the purposes of the present hearing, that those defendants have put in issue every material allegation of the original and cross-bills. In this view it is apparent that the court is asked to determine, as between the complainant and cross-complainant on one side, and certain defendants on the other side, questions of great moment and difficulty in which some of the defendants who have answered are deeply interested, and which, upon final hearing, must be again considered. It would, therefore, seem proper upon the present hearing that such questions only be disposed of as the parties are entitled to have determined in order that they may proceed intelligently with the further preparation of the case.

1. As to the exceptions by complainant to the master's report sustaining the exceptions of Dearborn and the Chicago Railway Construction Company, filed November 1, 1880, to the original bill.

The exceptions by those defendants to the original bill are 33 in number and are identical. They proceed upon the general ground that the portions of the bill specified are impertinent and ought to be expunged. The master sustained exceptions to 4, 10, 23, 25, and 27.

It would be hazardous for the court to say that the facts set out in the extract from the bill, embodied in exceptions 4, 10, 23, and 25, cannot under any circumstances become material upon the final hearing. There are some aspects of the case, as made by the bill, in which those facts may be of some consequence. The case is of such peculiar and complicated character that the court should not be very rigid in the application or enforcement of the rule that pleadings should aver the substantial facts constituting the cause of action rather than the evidence of those facts. And it may be also remarked that the matters set forth in the original bill, to which the exceptions relate, do not concern Dearborn and the construction company as much as some of the defendants who have answered, and who have made no exceptions to the bill upon the ground of impertinence. Besides, it is difficult to perceive how exceptions 4, 10, 23, and 25 could have been sustained by the master, while others of the like general character were overruled. Under the circumstances, the court has concluded to sustain the objections of complainant to the master's report upon exceptions 4, 10, 23, and 25, but without prejudice to the right of any of the defendants, upon final hearing, to renew the exceptions, or to object to the relevancy of any evidence taken in support of the allegations in the above-mentioned bill.

As to exception 27 the master's report is sustained. The portion of the bill to which it relates is mere argument, or rather an expression of approval of certain views alleged to have been advanced upon a particular occasion by Mr. Blackstone, of the Chicago & Alton Railroad Company.

2. As to the motion of the defendant Dumont for a discharge of all the proceedings againt him.

On the first of April, 1880, the court, upon the complainant's motion, made an order requiring Dumont to appear and answer, plead, or demur within 20 days after the service upon him of a copy of that order. Dumont subsequently appeared only for the purpose of moving, as he did, that the proceedings against him be discharged.

The order complained of proceeds upon the ground that it was authorized by section 8 of the act of March 3, 1875, determining the jurisdiction of the courts of the United States. That section authorizes such an order against a defendant who is not an inhabitant of or found in the district, or who does not voluntarily appear, if the suit be one "to enforce any legal or equitable lien upon, or claim to, or to remove an incumbrance or lien or cloud upon, the title to real or personal property within the district where such suit is brought."

The present suit is certainly embraced by the language just quoted, but the contention of Dumont is that he has no interest in the property to which the suit relates, and therefore, he being a resident of another state and never having appeared in the suit, nor having been found in the district, he cannot be proceeded against in the mode contemplated by the act of March 3, 1875. This contention, however, cannot be sustained. Dumont holds, or rather held, such relations to the property in question that it was proper, if not necessary, to make him a party defendant. He was the successor of Straut as trustee in a deed conveying the railroad and its appurtenances in trust to secure the payment of the bonds therein described, of which those held by complainant constitute a part. The main object of the suit is to have the court adjudge that, notwithstanding certain proceedings in the state court, the lien created by that deed in behalf of the bonds still subsists and can be enforced. Manifestly, therefore, it was proper that the trustee in the deed should be made defendant to a suit instituted for that purpose. The motion of Dumont is denied.

3. As to the demurrer by the defendant John F. Slater.

The bill and the exhibits filed therewith show that Slater was a party to the proceedings in the state court, as the holder of the bonds

numbered from 1 to 474, previously in the hands of Jessup, Paton & Co. It is shown by or may be inferred from the record that Mr. Slater, in completing his purchase of the railroad and appurtenances at the decretal sale, in the state court, had the use of the bonds 1 to 400, inclusive. But since it does not appear that he purchased them from Straut, and since Slater claimed to be and was treated by the state court as their owner, it was proper for the complainant to make him a defendant. But if Slater, by answer or in some other proper mode, should disclaim all interest in the bonds or in the property involved in that suit, (other than as a stockholder, if he be such, in the Chicago & Alton Railroad Company,) the court will entertain a motion that he be dismissed from the cause as a party defendant.

4. The pleas of John J. Mitchell and the Chicago & Illinois River Railroad Company to a part of the original bill.

These pleas relate to the pendency in this court of a prior suit instituted by Bond, as trustee for the present complainant, against these two defendants and others. I am of opinion that the facts averred in those pleas are insufficient to bar this suit. It may be, as it is averred to be, that the Bond suit is for the same matters and for the like relief and purposes against Mitchell and the Chicago & Illinois River Railroad Company as the present suit. But it is not inconsistent with the pleas that the complainant in this suit seeks as against other defendants (some of whom are also defendants in the Bond suit, and some of whom are not parties thereto) relief not asked in or embraced by the Bond suit. If the relief asked in this suit is materially different from, or more comprehensive and extended than, that asked by the Bond suit,—that is to say, if the present suit embraces more as to parties and subject-matter than the Bond suit,—although the relief asked as to Mitchell and the Chicago & Illinois River Railroad may be identical in the two suits, the court does not perceive how the pendency of the first can be a bar to the prosecution of the last suit. So far as the present suit in respect to these two defendants is identical with the former suit, it may be (assuming that the Bond suit is really in the interest or can be controlled by the present complainant) that pending this, the further prosecution of that suit should be prevented by an order of the court. This because it is quite certain, upon the facts alleged in the pleas, that the final decree in this cause will be a conclusive adjudication of the matters involved in the Bond suit. These pleas are, for the reasons given, held to be insufficient to bar this suit.

5. As to the demurrer of the Chicago & Illinois River Railroad Company to the residue of the original bill.

This demurrer raises the objection that Akin, who was appointed by the state court, receiver of the property and assets of the Chicago & Illinois River Railroad Company, is not made a party to the suit. If Akin has in his possession, as such receiver, any of the property and assets of that company, he is not amenable to suit in respect thereof in any other court than that of which he is an officer.   He cannot be required to hold such assets subject to the order of this court.   This court will not lay hold of or seek to control the management of any property held by Akin as receiver in any other court.   But as to the railroad and its appurtenances, upon which complainant claims there still rests the lien created by the trust deed to Straut, they are not in the possession of Akin, nor are they subject to the control of the court under whose orders he acted.   His functions as to that property have long since ceased, for it has been sold under the decree of the state court; the sale has been confirmed; a deed to the purchaser has been made and approved; and the Chicago & Alton Railroad Company is in possession under a deed from the purchaser.   The fundamental issue made by the present complainant as to the property is that, despite all that took place in the state court, and because, as is claimed, the proceedings of the state court were collusive, fraudulent, and void, the railroad company holds subject to the lien created by the trust deed.   And to that issue Akin is not a necessary party, unless it be assumed (which counsel will not insist ought to be assumed) that upon an adjudication that the complainant is entitled to the relief it asks, the property in question will be turned over to the custody of the state court receiver.   Nor is Akin a necessary party, so far as this suit relates to the stock standing in the name of Mitchell and others, but really owned, the bill avers, by the Chicago & Alton Railroad Company.   That stock was never in the hands of or under the control of Akin, and, so far as is now disclosed, he never asserted any right to its possession.   The objection that Aikin was not made a party is not well taken.

6. As to Mitchell's demurrer to the residue of the original bill.

Upon this branch of the case counsel have expended great labor. This demurrer proceeds upon two grounds:  *First.* That the complainant could not sue in equity until it had first obtained judgment for the amount of its demand, and exhausted all of its legal remedies. It is sufficient to say that the complainant asserts in this suit a lien upon all the property conveyed by the deed of trust, and now in pos-

session of the Chicago & Alton Railroad Company and other defendants; also that the stock received by that company, and standing in the name of other defendants, created a trust fund for the benefit of the creditors of the Chicago & Illinois River Railroad Company. Upon these grounds the complainant has the right to go into equity without going through the ceremony which would, in this case, have been idle and fruitless, of first obtaining a judgment for the amount of the bonds by it held, and then suing out executions. This view is sustained by *Case* v. *Beauregard*, 101 U. S. 690. *Second.* The remaining ground of Mitchell's demurrer is that he is not liable as a stockholder of the Chicago & Illinois River Railroad Company. While upon the allegations of the bill it would seem to be very difficult, to say the least, to make a case of individual liability upon the part of Mitchell for the par value of the stock standing in his name,—the bill alleging that he does not own it, but holds it simply as agent for the Chicago Alton Railroad Company, of which he is a director,—still, as he holds the legal title to the stock, it was proper, upon the theory of complainant's suit, to make him a party defendant. Whether the Chicago & Alton Railroad Company is liable to account for the par value of the stock to the extent necessary to satisfy the debts of the Chicago & Illinois River Railroad Company, or to any other extent, is a question which ought not to be determined until the cause is fully heard between that company and the complainant. Mitchell, according to the present impression of the court, has no such interest in that question as would justify its conclusive determination at this time.

7. The defendants Beckwith, Straut, Foster, Colebrook, Dearborn, Mitchell, and Slater demur to the cross-bill upon two grounds:

*First.* That it does not seek any relief against the said defendants or any of them consequent upon any adjudication of any matter or thing in issue between the parties or any of them in the original bill in which the cross-bill is filed; nor does the cross-bill seek any relief against those defendants or any of them consequent upon such decree against the Chicago Railway Construction Company, or against Bulkley, its receiver, who is cross-complainant herein.

*Second.* That the cross-bill presents no case in equity for relief against the defendant.

This demurrer is overruled. In view of Beckwith's alleged connection with the stock and bonds of the Chicago & Illinois River Railroad Company; Blackstone's relations to the legal title to certain portions of the right of way of the Chicago & Illinois River Railway Company; Straut's connection with the mortgage and the purchase of the railroad and appurtenances at the decretal sale in the state court, and

his possession of the legal title of the 1,400 acres of land; and Foster's, Dearborn's, and Colebrook's apparent ownership of the stock of the Chicago & Illinois River Railroad Company, which the cross-complainant seeks to reach,—it would seem proper that they should be made defendants.

What has been said about Slater as defendant in the original bill is applicable in the cross-bill.

The demurrer to the cross-bill of the before-mentioned defendants is overruled.

In a manuscript brief, filed by one of the counsel for defendants, the point is made that it is not competent for the complainant in this collateral proceeding to assail the validity of the decree and proceedings in the state court. This is one of the questions which must be determined upon the final hearing between the principal parties. It does not fairly arise upon the present hearing. At any rate, it need not now be disposed of, and is reserved for the final hearing.

Counsel will prepare the orders required by the foregoing memorandum.