## INGLEHART v. STANSBURY.

### APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

No. 141. Argued December 6, 7, 1893. — Decided January 4, 1894.

If land is-conveyed to a trustee, to hold for the benefit of a married woman for life, and then to convey to an infant in fee; and upon a bill in equity by the tenant for life against the remainderman and the trustee, and after the appointment of a guardian *ad litem* for the remainderman, part of the land is sold for the payment of repairs and taxes, and partition is decreed of the rest in equal moieties in fee between the tenant for life and the remainderman, and part of the land set off to the tenant for life is sold by her; and, by decree upon a bill by the remainderman, after coming of age, against the heirs of the trustee and of the tenant for life and the purchasers, the proceedings in and under the partition suit are set aside, and a new trustee appointed to convey the whole land to the remainderman; the heirs of the original trustee cannot appeal from this decree without joining the other defendants, on a summons and severance, or some equivalent proceeding, recorded in the court rendering the decree.

THIS was a bill in equity in the Supreme Court of the District of Columbia by Ida May Stansbury to enforce a trust under a deed dated June 10, 1870, by which Gustavus R. Dixon and Ada Georgiana Amanda, his wife, conveyed land of his in the city of Washington to Joseph Inglehart, his heirs and assigns, in trust for the sole and separate use and benefit of the wife during her life or widowhood and no longer, with remainder in fee to the heirs of the body of the husband, and, in default of such heirs, then (as the plaintiff contended and the court below held) to convey the land in fee simple to the plaintiff, then Ida May Campbell, not quite fourteen years old, living with her parents, and no kin of his, but a cousin of his wife, and about seven years younger than she.

Gustavus R. Dixon died December 1, 1871, leaving his wife Ada, but no issue, surviving him.

Upon a bill in equity, filed July 23, 1873, by Ada Dixon against Ida Campbell and Inglehart as trustee, that court, after appointing a guardian *ad litem* for Ida, and with his

and her written consent and that of her parents and of Ingle-hart, ordered part of the land to be sold by a trustee, appointed for the purpose, for the payment of repairs and taxes on the whole, confirmed his sale thereof, appointed commissioners to make a partition of the rest of the land in equal moieties in fee between Ada Dixon and Ida Campbell, and on May 6, 1874, decreed that the return of the commissioners be confirmed, and that said Ada and Ida each hold in severalty the moiety set off to her. The purchaser at the trustee's sale conveyed to Florian Trautman; and a part of the land set off to Ada Dixon was conveyed by her to John G. Thompson, who entered into possession thereof, and received the rents and profits.

Ada Dixon married William H. Davis, November 2, 1874; and died February 26, 1888, leaving an infant son and heir.

Ida Campbell became of age July 10, 1877; and on June 23, 1881, having meanwhile married Charles J. Stansbury, filed the original bill in the present case against Inglehart, as trustee under the deed of Gustavus R. Dixon, to compel him to convey to her in fee all the land included in that deed; and against Thompson to cancel the deed to him, as casting a cloud upon her legal title. To that bill Thompson filed a demurrer, which was sustained, with leave to amend the bill. On April 14, 1882, before the hearing upon Thompson's demurrer, and not having himself pleaded to the bill, Inglehart died, leaving infant heirs only.

Ida afterwards, from time to time, filed other bills, by way of amendment, supplement and revivor, joining her husband as plaintiff; making Inglehart's infant heirs, Ada's second husband, Davis, and her infant son and heir, as well as Thompson and Trautman, defendants; and praying that all the proceedings upon the bill for partition be declared null and void for want of jurisdiction in the court, and that those proceedings, as well as the deeds to Trautman and to Thompson, be set aside as clouds upon Ida's title, and that some proper person be appointed as trustee in Inglehart's stead to convey all the land to her.

Guardians *ad litem* were appointed for the infant heirs of

Inglehart, as well as for the infant Davis, and respectively answered in their behalf, submitting their rights to the protection of the court.

Trautman answered, alleging that he purchased in good faith; and William H. Davis and Thompson answered, denying the plaintiff's title to a conveyance or right to relief. A general replication was filed to the answers of the defendants.

The court, upon a hearing in general term on pleadings and proofs, entered a decree for the plaintiffs, as prayed for. 9 Mackey, 134. Inglehart's heirs, by their guardian *ad litem*, alone appealed to this court. Thompson was a surety upon the appeal bond.

The appellee moved this court to dismiss the appeal, on the following grounds:

First. "That the appellants are parties to the suit only as heirs at law of one Joseph Inglehart, who held as trustee only the legal title to certain real estate mentioned in the proceedings, without beneficial interest of any kind therein; and that his trust was and is at an end; and that the appellants have therefore no beneficial or appealable interest in the premises, and no interest whatever of any kind in the result of the suit."

Second. "That the appellants were joint parties in the suit with other persons who had beneficial and substantial interests therein; and said other persons have not been made parties to the appeal; and there has been no summons to them and severance, or any other equivalent action."

In opposition to this motion, affidavits of Trautman, of Thompson, and of the guardian *ad litem* of the infant Davis, who was also one of the attorneys for all the defendants, were filed in this court, stating that the appeal was taken in behalf of Inglehart's heirs alone, and no separate appeal by any other defendant, because, although the aggregate value of the whole land in question exceeded $5000, the value of the part claimed by each was less than that amount; and because said guardian and attorney was of opinion, and Trautman and Thompson were advised by counsel, that the appeal in behalf

of Inglehart's heirs was for the benefit of all the defendants; and that Trautman and Thompson paid all the costs and expenses of that appeal.

*Mr. Saul S. Henkle* for appellants.

*Mr. J. J. Darlington* for appellee.

Mr. Justice Gray, after stating the case, delivered the opinion of the court.

The state of the case, so far as material for the disposition of the motion to dismiss the appeal, may be summed up thus:

The claim of the plaintiff and appellee, Ida Stansbury, formerly Ida Campbell, was based upon the position that the sole duty of Joseph Inglehart as trustee under the deed of Gustavus R. Dixon and his wife Ada was, after the expiration of an equitable estate for life or widowhood in Ada, to convey the legal title in fee in the whole land to Ida. The defence rested mainly on the decree obtained, with Inglehart's consent, by Ada Dixon in her lifetime, for the sale of part of the land for the payment of taxes and repairs, and for the partition of the rest of the land in equal moieties in fee between Ada and Ida. At the time of the final decree in the case at bar, Inglehart had died, Ada Dixon had married William H. Davis and afterwards died, and the parties to the suit were as follows: The plaintiffs were Ida and her husband. The defendants were Inglehart's infant heirs, by their guardian *ad litem;* Ada's second husband, Davis, and her infant heir, by his guardian *ad litem;* Trautman, claiming under the sale of part of the land by order of the court in the partition suit; and Thompson, claiming under a deed from Ada of part of the moiety set off to her by the decree of partition. Yet the only appellants are the heirs of Inglehart.

Those heirs were made parties defendant, solely because the legal title of Inglehart had descended to them. They had no greater interest in the subject of the suit, than he would have had if living at the time of the decree below. But Inglehart

never had any interest in the land, except as trustee under the deed of Dixon and wife.   Under that deed, after the termination of her life estate, he had nothing but the naked legal title, and no duty in regard to the land, unless to convey the whole to Ida.   On the other hand, if the proceedings in the suit for partition were valid, they divested his title as trustee, and left no interest in him or his heirs. . He never had or claimed any title or interest under those proceedings, and in no way represented the parties claiming under them.

Inglehart, and his heirs after his death, were rightly made parties defendant to the bill, because the plaintiff asserted that, notwithstanding the proceedings in the partition suit, he, and they by descent from him, still held the legal title, and she was entitled to a conveyance thereof; and for the same reason Inglehart's heirs might perhaps join in an appeal from the decree in her favor.

But the principal matter in controversy was the validity of the proceedings in the partition suit.   The real defendants, whose rights were affected by the decree appealed from, were the parties claiming title under those proceedings, and they were necessary appellants from the decree setting aside those proceedings and ordering the whole land to be conveyed to the plaintiff.

Whether the interests of Inglehart's heirs and of the other defendants were sufficient in amount or value to sustain a joint appeal by all the defendants need not be considered, because it is quite clear that Inglehart's heirs could not appeal alone, without joining the other defendants as appellants, or showing a valid excuse for not joining them.

This could only be shown by a summons and severance, or by some equivalent proceeding, such as a request to the other defendants and their refusal to join in the appeal, or at least a notice to them to appear and their failure to do so; and this must be evident upon the record of the court appealed from, in order to enable the party prevailing in that court to enforce his decree against those who do not wish to have it reviewed, and to prevent him and the appellate court from being vexed by successive appeals in the same matter.   *Owings* v. *Kincannon,*.

Statement of the Case.

7 Pet. 399; *Todd* v. *Daniel*, 16 Pet. 521, 523; *Masterson* v. *Herndon*, 10 Wall. 416; *Hardee* v. *Wilson*, 146 U. S. 179.

*Appeal dismissed.*