## DAVIS v. MERCANTILE TRUST COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF -OHIO.

No. 320. Argued March 22, 26, 1894. — Decided April 9, 1894.

On an appeal from a decision of a Circuit Court, all parties to the record who appear to have an interest in the decision challenged, must be given an opportunity to be heard.

The successful bidder at a foreclosure sale becomes thereby a party to the proceedings, and is entitled to be heard on questions subsequently arising affecting his bid, not foreclosed by the terms of the decree of sale.

In a decree for the foreclosure of a mortgage, the two parties principally interested are the mortgagor and the mortgagee, and third parties should not be given an opportunity to disturb the decree without first giving the principal parties an opportunity to be heard.

On February 18, 1889, the Mercantile Trust Company of New York filed in the Circuit Court of the United States for the Southern District of Ohio its bill against the Kanawha and Ohio Railway Company. The bill alleged that on May 1, 1886, the defendant, the Kanawha and Ohio Railway Company, issued a series of bonds, and on the same day executed to the Mercantile Trust Company its mortgage or deed of trust to secure the payment of the principal and interest of such bonds. It alleged a default in the payment of interest due on January 1, 1889, as well as the existence of a large floating debt, and prayed the appointment of a receiver, and a decree of foreclosure and sale. On February 19 the defendant entered its appearance, and on the same day a receiver was appointed, who qualified and took possession of the mortgaged property. Subsequently, and on July 24, an amended bill was filed making the Toledo and Ohio Central Railway Company and the Shawnee and Muskingum River Railway Company additional parties defendant. On October 26 a decree pro confesso was entered against the latter company. On October 30, Erwin Davis, the present appellant, filed a petition alleging that he was the owner of more than $100,000 of the bonds secured by the mortgage or deed of

trust sought to be foreclosed in this suit, and also the owner of more than $500,000, par value, of each class of stock of the defendant, the Kanawha and Ohio Railway Company, to wit, first and second preferred, and common, and asking for the removal of the receiver on the ground of his incompetency, and the appointment of some capable and disinterested person as such receiver.  On the same day a decree *pro confesso* was entered against the Kanawha and Ohio Railway Company. On November 13 the petition of Davis, for the removal of the receiver and the appointment of another in his stead, was denied, and at the same time this order was made: "It is further ordered that said Erwin Davis be, and is permitted to intervene herein, and that he have liberty to be heard upon any and all proceedings herein for the protection of his interests as bondholder and stockholder of the Kanawha and Ohio Railway Company."

On November 29 the Toledo and Ohio Central Railway Company filed its consent to the entry of a decree, according to the prayer of the amended bill of complaint, and that the "cause proceed in like manner as if an order *pro confesso* had been duly entered against it more than thirty days prior" thereto.  On December 5 Davis filed a second petition, reciting his interest as before, and in addition alleging the existence of certain prior mortgage liens upon the property described in the plaintiff's bill, or part of it; that in the bill there was claimed that the Kanawha and Ohio Railway Company had a floating debt of about $330,000; that since the filing of the bill that company had confessed judgment in favor of the Kanawha Improvement Company in a court of West Virginia for the sum of $285,232.20 ; and that, as a bondholder and stockholder of the Kanawha and Ohio Railway Company, on behalf of himself and all other stockholders and creditors, he had filed a bill in the Circuit Court of the United States for the District of West Virginia, attacking such judgment so confessed, on the ground of fraud, and praying that it be cancelled, set aside, and held for naught.  He attached a copy of this bill, and closed the petition in these words :

"Your petitioner respectfully represents that he is advised that no decree of sale of the property included in said mortgage should be decreed until a reference is had to ascertain the liens which shall have been first ascertained thereon, the amounts thereof, and the order of their priorities; that a sale should not be decreed until the validity of the judgment referred to shall have been first adjudicated.

"Petitioner therefore prays that this his petition be read and considered at the hearing; that your honors will not at said hearing enter a decree of foreclosure as prayed for in said bill until the matters of this petition have been fully heard and a proper reference to a master be made to ascertain all liens upon said railroad and the order of their priorities, and that petitioner have full relief in the premises, and, as in duty bound, he will ever pray," etc.

On the same day, to wit, December 5, 1889, a decree of foreclosure and sale was entered; that decree found a default in the payment of interest and decreed a sale unless such interest should be paid within thirty days. At the close of the decree was this entry: "Thereupon came the intervening petitioner, Erwin Davis, and prayed the court for the allowance of an appeal, with supersedeas, from the foregoing decree, and the court thereupon refused the appeal."

Subsequently, an application was made to Mr. Justice Harlan of this court for an appeal, and on February 11, 1890, it was allowed. The only security given on this appeal was a cost bond, in the sum of five hundred dollars, executed by Davis and his surety to the appellee, the Mercantile Trust Company, alone. This bond was approved February 27, 1890, and a citation was then signed by Mr. Justice Harlan, the citation running to the Mercantile Trust Company, the Kanawha and Ohio Railway Company, the Toledo and Ohio Central Railway Company, and the Shawnee and Muskingum River Railway Company. This was served on the Mercantile Trust Company, the Toledo and Ohio Central Railway Company, and the Shawnee and Muskingum River Railway Company, but not on the Kanawha and Ohio Railway Company, the mortgagor. No supersedeas bond having been executed,

a sale was had under the decree on March 4, 1890, and the property struck off to Nelson Robinson and William B. Post, for the sum of $505,000. On April 7, 1890, this sale was confirmed and a deed ordered; from such order of confirmation Davis prayed an appeal, which was allowed. On such appeal also a cost bond to the Mercantile Trust Company alone was given, and a citation issued running only to the Mercantile Trust Company.

*Mr. Walter S. Logan,* (with whom was *Mr. Charles M. Demond* on the brief), for appellant.

*Mr. Thomas Thacher* for appellee.

MR. JUSTICE BREWER, after stating the case, delivered the opinion of the court.

As a preliminary matter the standing of the appellant in this court is challenged. In the court below he was not a party to the record, either plaintiff or defendant; was never substituted for either; filed no bill, cross-bill, or answer; but was simply permitted to intervene, with liberty to be heard upon any and all proceedings for the protection of his interests as bondholder and stockholder. Assuming, under the authority of *Williams* v. *Morgan,* 111 U. S. 684, 698, that this gave him a right of appeal from any decision of the Circuit Court affecting his interests, it did not change the ordinary rules respecting appeals, one of which is that all the parties to the record, who appear to have any interest in the order or ruling challenged, must be given an opportunity to be heard on such appeal. The rule and the reasons therefor are fully stated in *Masterson* v. *Herndon,* 10 Wall. 416, and restated in *Hardee* v. *Wilson,* 146 U. S. 179, 181, and need not, therefore, be again repeated. See also *Inglehart* v. *Stansbury,* 151 U. S. 68.

In this case the appellant has taken two appeals, one from the decree and the other from the order confirming the sale. These appeals being taken separately, each must stand or fall on its own merits. Noticing first the appeal from the order

of confirmation, it will be. seen that the sale confirmed was of the mortgaged property to Robinson and Post for the sum of $505,000, of which sum $50,000 had been paid in cash by the purchasers, and the balance secured by a deposit of $1,069,000, first mortgage bonds of the Kanawha and Ohio Railway Company, the bonds in suit. Who is more vitally interested in the question whether such sale and confirmation shall stand than these purchasers? If the sale be set aside, they lose the purchased premises and all the profit which might result from their purchase, and assume all the risks and delay in recovering that which they have paid into court. In *Kneeland* v. *American Loan Co.*, 136 U. S. 89, 95, this court said that, "supported by sound reasons, are the following propositions : First, a party bidding at a foreclosure sale makes himself thereby a party to the proceedings, and subject to the jurisdiction of the court for all orders necessary to compel the perfecting of his purchase; and with a right to be heard on all questions thereafter arising, affecting his bid, which are not foreclosed by the terms of the decree of sale, or are expressly reserved to him by such decree."

Again, not only is the purchaser interested, but also the mortgagor. He may be satisfied with the sale which was made, may believe that at no other sale would it be possible to realize so much in satisfaction of his indebtedness. At any rate, the setting aside of one sale and the ordering of another may affect prejudicially or beneficially his interests, and because of that he has a right to be heard upon the question of setting it aside. Now, the only party respondent to this appeal is the trustee. It is the only party named as obligee in the cost bond. The citation in terms runs to it only, and there is no pretence that the mortgagor or the other defendants, or the purchasers at the sale, have ever been brought into this court to respond to this appeal. Manifestly, it would be the grossest injustice to attempt to determine the question of the validity of this sale in the absence of these so vitally interested parties.

Neither does the appeal from the decree stand in any better condition. In a decree for the foreclosure of a mortgage the two parties principally and primarily interested are the mortgagee and the mortgagor. No third party should be permitted

to disturb such a decree unless and until both mortgagee and mortgagor are given an opportunity to be heard. The mortgagor may be unwilling that the decree should be set aside notwithstanding irregularities in prior proceedings, for fear that on a subsequent hearing a larger sum may be decreed against him. It is not necessary in any given case to determine that his interests would or would not be promoted by the setting aside of the decree; it is enough that in that matter he has a direct interest, and because of this interest common justice requires that no change shall be made in the terms of that decree, nor shall it be set aside, without giving him a chance to be heard in its defence. Ordinarily it may be presumed that all the parties to the record are interested, and so it is often said that all such parties must be joined as appellants or appellees, plaintiffs in error or defendants in error; but it is unnecessary to rest this case upon the mere fact that the mortgagor in this case was a party to the record — the only defendant in the first instance. It was not only such a party, but is also one directly and vitally interested in the question whether the decree of foreclosure and sale shall stand, and yet it is not before us. The trustee is the only obligee named in the appeal bond, and while the citation on its face runs to all the parties to the record, it was not served on the mortgagor, the Kanawha and Ohio Railway Company; and that company has never been brought into this court, and never entered an appearance here. This is fatal to the appeal. The appellant seems to have assumed that he was authorized to represent the corporation mortgagor and all the stockholders, but this is obviously a mistake. He was not by order of court substituted for the defendant mortgagor, nor was he allowed to represent the mortgagor or to carry on its defence. The only authority given to him was to intervene for the protection of his personal interests as bondholder and stockholder. The corporation mortgagor still represented all the other stockholders, as did the trustee all the other bondholders; and while the appellant appears to have had a considerable interest, both as stockholder and bondholder, it was only a minor fraction. Out of 1160 bonds 1069 (all but 91) were

tendered by the purchasers upon application for confirmation of sale, and while he claims to be the owner of $1,500,000 of the stock, it appears that the total amount thereof was $12,200,000; so that in fact he was the owner of less than one-eleventh of the bonds and one-eighth of the stock. No authority from these other bondholders or stockholders to him to act for them is shown, so that neither in fact nor in law was he representing the corporation mortgagor in this litigation; and as that mortgagor was interested in and affected by the decree of foreclosure and sale, it should have been made a party to this appeal and brought into this court, and because of the failure so to do, the appeal cannot be maintained.

For the reasons above given both appeals are

*Dismissed.*

Mr. Justice Jackson did not hear the argument or take any part in the decision of this case.