# GREGG COMPANY, LIMITED,

## *v.*

# UTUADO SUGAR COMPANY.

San Juan, Equity, No. 898.

EXCEPTION TO MASTER'S REPORT.

Receivership—Exceptions.

> 1. A receiver can except before a master, and pursue any remedy in regard to claims filed against the estate; but he cannot except to a ruling of the court appointing him, or take any action that will affect the rights of the plaintiff and defendant in the main case.

Lien—Enforcement.

> 2. The question of how to enforce a lien reported by the master will not be considered on exceptions, when the master has not reported any special method of procedure.

Opinion filed March 19, 1914.

*Mr. F. H. Dexter* for receiver.

*Mr. Chas. Hartzell* for Carlos Armstrong & Company.

HAMILTON, Judge, delivered the following opinion:

The master reported, allowing a certain claim of Carlos Armstrong & Company a preference. Exceptions were filed, and the matter was argued on February 17th. At that time the

court announced a provisional opinion, stating that it thought the claim was entitled to preference, and that the procedure was correct; that is to say, that the receiver had a right to except to the master's report, although the view of the court was that the exception should not be sustained.

The matter was held over for final decision, allowing the parties to file briefs, and the court wishes to say that it has carefully considered all authorities submitted, and sees no reason to change the provisional view expressed at the time, and the opinion which was rendered then provisionally is now adopted as the final opinion in the case.

1. As to the point of the receiver's exception: that has been fully discussed and settled for all Federal courts by the case of Bosworth v. St. Louis Terminal R. Asso. 174 U. S. 182, 43 L. ed. 941, 19 Sup. Ct. Rep. 625, which decides that a receiver can except before a master, and pursue any remedy in regard to claims filed in a case, on the ground that it is his duty to see that the fund is protected, the only limitation being that he cannot except to any ruling of the court, and he cannot take any action that will affect the rights of the plaintiff and the defendant in the case. He being bound to hold the property as between the plaintiff and the defendant, he cannot do anything which will impair the rights of either plaintiff or defendant. He can take such action as to any claims filed by intervening creditors. This was the decision of this court on principle, and it seems now to be sustained by authorities. The result is that the master's report is confirmed as to the claim of Carlos Armstrong & Company.

2. In argument something was said about enforcing the lien which is hereby allowed, but that does not come up for de-

Gregg Co. v. Utuado Sugar Co.

cision. The master did not report any method of enforcing the lien, and that matter will not be considered. The master's report is confirmed, and any further proceedings that are necessary will come up under some appropriate pleading. The clerk will file a decree confirming the master's report in that respect.