## MATHESON v. ROSS et al.

## In re OWEN MAGNETIC MOTOR CAR CORPORATION.

(Circuit Court of Appeals, Third Circuit. February 13, 1923.)

No. 2917.

1. **Receivers ⚌91—Rule requiring compensation for premises occupied held not applicable under terms of sale.**

The general rule that, where a receiver uses premises for the benefit of receivership, the owner is entitled to compensation for such use, and in the absence of an express agreement a quantum meruit will lie, does not apply where the premises occupied by the receiver had been sold by him to the claimant, and the order confirming the sale regulated the use of the premises thereafter.

2. **Receivers ⚌81—Court acts for benefit of creditors, not of purchasers from receivers.**

The court acts in insolvency and bankruptcy proceedings for the benefit of the creditors, and not for the benefit of purchasers from the receivers, so that a provision in an order confirming sale of real estate giving the purchaser of the personal property the right of free storage on the real estate for 40 days after the confirmation of the sale of personalty was for the evident purpose of enabling the receivers to make the best possible sale.

3. **Receivers ⚌91—Order confirming purchase of real estate held to deprive purchaser of compensation for occupation by receiver.**

Where an order confirming a receiver's sale of the real estate of an insolvent corporation gave the purchaser of the personal property the right of free storage for 40 days after the confirmation of the sale of the personalty, and showed that a resale of the personal property was contemplated, it was manifestly intended to permit the receiver to have free storage of the personal property until the resale was ordered, so that the purchaser of the real property is not entitled to compensation for the receiver's possession before the resale, especially where the evidence showed that such was the understanding of the parties, except that the resale was delayed by an appeal from the order vacating the first sale.

Appeal from the District Court of the United States for the District of Delaware; Hugh M. Morris, Judge.

Insolvency proceedings in equity against the Owen Magnetic Motor Car Corporation. From an order disallowing the claim of Frank F. Matheson for the use and occupancy of certain premises, opposed by Charles F. Ross and others, as receivers, the claimant appeals. Affirmed.

Charles F. Curley, of Wilmington, Del. (Frank P. Slattery, of Wilkes-Barre, Pa., of counsel), for appellant.

George N. Davis, of Wilmington, Del., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from an order of the District Court disallowing the claim of Frank F. Matheson for the use and occupancy, by the receivers, of certain real estate purchased by him at the receivers' sale on November 5, 1921, in insolvency proceedings of the Owen Magnetic Motor Car Corporation. The real estate consisted of a tract of land on which were erected large buildings of various kinds which contained automobile equipment, office furniture, machine

⚌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tools, and other kinds of personal property. The purchase price of the real estate was $94,000, and of the personal property, not purchased by Matheson, was $136,495. The receivers reported the sale on November 15, 1921. The following day the court confirmed the report of the sale of the real estate, but did not confirm the sale of the personal property. In the order confirming the sale of the real estate, the court directed that the receivers "do forthwith execute, acknowledge, and deliver to the said Frank F. Matheson, the purchaser of the said real estate, their deed in fee simple for the said real estate." The order further provided:

"That while said deed shall be on its face an absolute conveyance of said real property, the delivery thereof to the said Frank F. Matheson, the grantee named therein, shall be conditioned upon the agreement by the said Frank F. Matheson that any purchaser or purchasers of any of the personal property of the said Owen Magnetic Motor Car Corporation sold under the provisions of the decree of this court, made on the 14th day of September, A. D. 1921, or under the provisions of any decree for the resale of the said personal property that may hereafter be made by this court, shall have the right of free storage for such personal property on the said premises for the period of 40 days from and after the confirmation of the sale of such personal property together with the right to have at all times during the said period, either personally or through his, their, or its agents, servants or employees, free ingress and egress to and from the place of storage thereof, through or over such part of the premises of the said Owen Magnetic Motor Car Corporation as in the discretion of the receivers may be necessary for the purpose of effecting the removal of said personal property, in a competent and workmanlike manner, and without damage or injury to said real property by reason of said removal."

On petition filed November 15, 1921, the court on November 23, 1921, set aside the sale of the personal property and ordered a resale. To this order an appeal was taken December 3, 1921, to this court, which dismissed it, and immediately thereafter the receivers again sold the personal property on March 7, 1922, for $200,039.76. This report was confirmed on March 16, 1922, and the personal property was removed and the buildings completely surrendered to Matheson on April 20, 1922.

Matheson contends that he should be allowed compensation of $4,200 for the use and occupancy of the buildings by the receivers from November 16, 1921, when the deed was delivered, until the sale was confirmed on March 16, 1922. He is not asking for compensation after that time, for the order confirming the sale of real estate expressly provided that the purchasers of the personal property might have 40 days after the confirmation of the sale of the personal property for removing it.

The appellant relies in substance upon two propositions:

(1) "When a receiver or a trustee in bankruptcy uses premises for the benefit of the receivership or bankruptcy estate, the owner of the premises is entitled to compensation for such use, and in the absence of an express agreement, a quantum meruit will lie."

And:

(2) "The order confirming the sale of the real estate to appellant, cannot be construed as against appellant, to give the receivership estate the right to use and occupy the premises without paying fair compensation therefor."

[1, 2] As a general rule of law, the first proposition cannot be denied. Without qualification, it is not applicable to the facts in this case. If the appellant succeeds, he must sustain his second proposition. The strength of this position is based upon the argument that the conditions and provisions in the order protect the purchaser of the personal property only. If this position is sound, it is dispositive of the question. Without very strong proof that the condition upon which the deed was delivered was solely for the benefit of the purchaser, it would be difficult to reach this conclusion, for insolvent and bankrupt estates are administered by courts for the benefit of creditors whom the receivers represent. This is so self-evident that the citation of authorities is unnecessary. Courts are given full, ample, and exclusive power over an insolvent and his estate to the end, and only to the end, "that it may be fully administered and distributed to the persons entitled thereto," the creditors. 23 Cyc. 1299.

Although the confirmatory order expressly gives the purchaser the right of free storage of the property on the premises for a period of 40 days after the confirmation, such provision was not primarily for the benefit of the purchaser, but was for the evident purpose of enabling the receivers to make the best possible sale, so that a prospective purchaser would not hesitate to buy on account of having the troublesome question of storage charge to contend with while he was removing the property.

[3] This provision was therefore for the insolvent estate. It is unthinkable that the court, having in mind, and expressly providing for, a "resale," and knowing the possibility of an appeal, meant in its order not to provide for the period between the delivery of the deed and the date of the order confirming the resale; that during that time the receivers should not have the right of free storage, but that for the period of 40 days after the confirmation the purchaser should have that right. The evident purpose of the order was to guarantee the right of free storage until 40 days after a sale or resale had been confirmed. The dismissal of appellant's petition is the best evidence of the court's intention. That there was no misunderstanding on the part of the appellant about the right of free storage at the time the order confirming the sale of the real estate was made is evident from his petition of appeal. He says:

"That it was the practical understanding between your petitioner and said receivers that, should an order be made by this honorable court in acting on the application of the Wyoming National Bank as aforesaid, refusing to approve said personal property sale, and a resale of said personal property ordered, such resale would take place not later than 10 days from the date of such order, and hence returnable for confirmation in 20 days from the date of said order, and the purchaser of said personal property would be entitled to a period of 40 days from confirmation in which to remove the same from the premises purchased by your petitioner."

It was his understanding that there was no period between the delivery of the deed and 40 days after the confirmation of a "resale" during which the receivers would have to pay storage. The only fact about which he was mistaken was the length of time between the delivery of the deed and the confirmation of a resale.

The determination of the question, however, depends, not upon the unexpressed intention of the court or parties, but upon the express provisions in the confirmatory order upon which the deed was delivered. This order, interpreted in the light of the circumstances, shows the intention of the court. The condition upon which Matheson accepted the deed provided for setting aside the sale already made, another decree for a resale, with the knowledge on the part of all parties that between the first sale and resale there might be an appeal, during all of which time the receivers had control of the personal property still kept on the real estate; that *after* the confirmation of the resale the *purchaser,* not the receivers, had the right of free storage for 40 days, with the right of free ingress and egress to and from the place of storage through and over such part of the premises for removing the property as was necessary, in the discretion, not of the purchaser, but of the receivers, who to that extent, even after the confirmation, still had control over the real estate. The circumstances, the express provisions of the order confirming the sale of the real estate, and the apparent understanding of all parties are inconsistent with any other position than that the receivers had the right of free storage until the order confirming a resale was made.

Therefore the order of the District Court is affirmed.