## BANKERS' TRUST CO. v. PEORIA RY. TERMINAL CO.

## BATTLES v. PEORIA & PEKIN UNION RY. CO.

### No. 4445.

Circuit Court of Appeals, Seventh Circuit.
Feb. 27, 1931.

Frank T. Miller, O. P. Westervelt, and Val C. Guenther, all of Peoria, Ill., for appellant.

E. E. Horton, of Peoria, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

In the receivership of the Peoria Railway Terminal Company, appellee intervened, filing its alleged preferred claim of $79,635.-94. There was filed a bill to foreclose mortgage upon the railroad securing its defaulted first refunding 4½ per cent. gold bonds, and the receivership was extended to include the foreclosure proceeding, with which it was consolidated. Decree of foreclosure was entered, whereunder the railroad property was sold, the Chicago, Rock Island & Pacific Railway Company being the purchaser, and, upon approval of the sale, the property was turned over to the purchaser. Later appellee's claim was allowed and given priority in the distribution of the proceeds of the foreclosure sale. From the order of allowance of the claim with priority, the receiver alone prosecuted the appeal.

Appellee moves to dismiss the appeal because the necessary parties are not before this court, and because all parties interested in and affected by the order, particularly the purchaser at the foreclosure sale, have not joined as appellants, and were not otherwise brought into the appellate proceeding.

In support of the motion a number of cases are cited for appellant which have more or less tendency to sustain his contention.[1] But we are bound to follow the decision of the Supreme Court in Bosworth v. Terminal R. Ass'n, 174 U. S. 182, 19 S. Ct. 625, 43 L. Ed. 941, in which the precise question here involved was decided. There, as here, an intervening creditor, claiming a lien upon railroad property superior to a mortgage, secured a decree sustaining his claim as a prior lien, after the property had been sold under foreclosure proceedings, the sale approved by the court, payment of the sale price, and delivery of the property by the receiver to the purchaser. The receiver alone appealed from the decree awarding priority of the claim, and there, as here, it was contended that the party really and beneficially interested in opposing the claim was the purchaser at the sale, and that the court was without jurisdiction to entertain the appeal unless the purchaser was a party thereto.

The right of the receiver alone to prosecute the appeal, notwithstanding others might have the same right, was sustained, and no subsequent modification of this holding appears.

The motion to dismiss the appeal is denied.

---

[1] Kneeland v. American Loan & Trust Co., 136 U. S. 89, 10 S. Ct. 950, 34 L. Ed. 379; Davis v. Mercantile Trust Co., 152 U. S. 590, 14 S. Ct. 693, 38 L. Ed. 563; Taylor v. Logan Trust Co. (C. C. A.) 289 F. 51; Farmers' Loan & Trust Co. v. Longworth (C. C. A.) 76 F. 609; Guaranty Title & Trust Co. v. Thompson, 93 Fla. 983, 113 So. 117; Masterson v. Herndon, 10 Wall. 416, 19 L. Ed. 953; Hardee v. Wilson, 146 U. S. 179, 13 S. Ct. 39, 36 L. Ed. 933; Inglehart v. Stansbury, 151 U. S. 68, 14 S. Ct. 237, 38 L. Ed. 76; Sipperley v. Smith, 155 U. S. 86, 15 S. Ct. 15, 39 L. Ed. 79; Babcock v. Norton (C. C. A.) 5 F. (2d) 153; Grand Island & W. C. R. Co. v. Sweeney (C. C. A.) 103 F. 342; Bosworth v. Terminal R.. Ass'n, 174 U. S. 182, 19 S. Ct. 625, 43 L. Ed. 941; Mass. Mut. Life Ins. Co. v. Chicago & A. R. Co. (C. C.) 13 F. 857; Matheson v. Ross (C. C. A.) 286 F. 845.

