JOSÉ MARÍA FRANCESCHI ET AL., Petitioners, v. DISTRICT COURT OF PONCE, Respondent; LÓPEZ DE TORD & ZAYAS PIZARRO, Interveners.

No. 955. Argued March 6, 1934.—Decided March 29, 1934.

Henry G. Molina and M. León Parra for petitioners. López de Tord & Zayas Pizarro in their own behalf.

Mr. Justice Córdova Dávila delivered the opinion of the court.

A writ of certiorari is requested in this case to review an order of the District Court of Ponce refusing to approve a bond and fixing the security which must be furnished to secure the payment of the fees claimed by attorneys López de Tord and Zayas Pizarro for services rendered to the judicial administration of the estate of Francisco María Franceschi, deceased. The lower court has fixed the bond which must be furnished and we do not believe that the intervention of this court is justifiable for the purpose of reviewing, by a proceeding of certiorari, the actions of the said court in the exercise of its discretionary powers. We have decided that attorney's fees for services legally rendered to an estate under judicial administration constitute administration expenses. In the opinion delivered in the case of *Franceschi* v. *District Court,* 45 P.R.R. 646, 651, we said:

"Under Chapter VII of Title I of the Special Legal Proceedings Act, the expenses of repairs and cultivation, taxes, litigation, and all other ordinary expenses of the administration are for the account thereof. Section 41 of the above act provides that for such disbursements as well as for expenses of litigation and all other ordinary expenses of the administration, the judge may order the administrator to retain a sum sufficient therefor, or, if the ordinary receipts are not sufficient to meet them, he may order the same to be drawn from the depositary. Among the expenses of litigation which are expressly mentioned by the law as expenses of the administration we consider as being included the services of the attorney lawfully engaged by the judicial administrator."

In the said opinion we also said the following:

"In *Bosworth* v. *Terminal R'D Ass'n,* 174 U. S. 189, the Supreme Court of the United States, expressed itself as follows:

" 'It is a common practice in courts of equity, anxious as they are to be relieved of the care of property, to turn it over to the parties held entitled thereto, even the final settlement of all claims against it, and at the same time to leave to the receiver the further defense of such claim, the party receiving the property giving security

to abide by any decrees which may finally be entered against the estate.'

"Section 59 of the Special Legal Proceedings Act provides that the final decree on any accounting shall contain the provisions that law and justice require for the distribution of the surplus, in money or property, remaining after paying (*satisfacer*) the debts of the decedent and defraying (*cubrir*) the expenses of the administration among those entitled thereto by law. '*Satisfacer*,' according to the Dictionary of the Spanish Academy, means 'to fully pay what one owes.' '*Cubrir*,' means 'to pay or discharge a debtor or balance, expenses, etc.—To provide against any liability, risk or injury.' We are of the opinion that the purpose of the law is attained if the court, should it require time to fix the amount of the attorney's fees, demands, pending a decision as to whether or not any additional sum should be paid, any bond that it may deem sufficient and reasonable upon the condition that the heirs will acquiesce in and comply with the final judgment, and will immediately effect the payment of any sum which they might be adjudged to pay. Once the proper bonds are furnished, the court must peremptorily request the judicial administrator to file his final account and issue the proper writ."

If the attorney's fees constitute administration expenses and there is pending a claim for professional services alleged to have been rendered to the estate under judicial administration, it is natural that the radius of the judicial discretion should have some amplitude to secure the payment of the alleged services, so that any final judgment that might be rendered could be collected immediately, in case the court should decide that some sum is owed to Attorneys López de Tord and Zayas Pizarro.

The writ requested is denied.