J. R. LIVINGSTON *against* GIBBONS.

Where an injunction has been already granted, a second injunction
    will not be granted while the first is in force; unless it has been
    withdrawn by some agreement between the parties, and satisfac-
    tory reasons are shown for a renewal of it.

Nor will an injunction be granted to restrain the defendant, who was
    charged by the plaintiff with navigating the waters of this state with
    a *steam boat*, in violation of the plaintiff's exclusive right, from re-
    moving his boat, pending an action at law brought to recover the
    boat as forfeited under the act of the 9th of *April*, 1811, unless
    there is a direct and positive charge of danger that the boat will be
    eloigned, pending the suit at law.

BILL charged that the defendant was daily running the *August 26th.*
steam boat *Bellona*, between the State of *New-Jersey* and
the city of *New-York*.   That the plaintiff had commenced
a suit at law for the forfeiture of the said boat, and the re-
covery of damages, &c., and concluded with a prayer for
an injunction to restrain the defendant from navigating with
any boat propelled by steam, within the waters of this
state, and, also, to restrain the defendant from removing his
said steam boat *Bellona* out of the jurisdiction of this Court,
pending the suit at law mentioned in the bill.

*A. Van Vechten*, for the plaintiff, moved for an injunction
according to the prayer of the bill.

THE CHANCELLOR denied the motion as to the first part

* Ante, p. 48.

or branch of the injunction, because such an injunction had already been granted and issued, at the instance of the plaintiff, against the defendant, on the 3d day of *May*, 1819,[*] and a repetition of the injunction, while the former was in force, would be idle and useless, and derogatory to the authority of the Court. If that injunction has been violated, the remedy should be by application for an attachment; or if that injunction has been voluntarily withdrawn by the plaintiff, after it was served, by some arrangement between the parties, (but of which nothing is stated in the bill,) the fact and the reason of it, and the new grounds for a renewed application, ought to have been fully stated. The motion was also denied as to the second branch of the case, because it did not come within the meaning or equity of the act of the 9th of *April*, 1811, entitled, " an act for the more effectual enforcement of the provisions contained in an act, entitled, an act for the further encouragement of steam boats on the waters of this state, and for other purposes." The bill charged, that the defendant is *daily* navigating with his boat, the waters of the state of *New-Jersey*, as well as those of this state, and will, unless enjoined, still continue to do so. There is no positive and direct charge of danger, that the boat will be eloigned, pending the suit at law, or removed out of the jurisdiction of the Court, *without an intention to return*. Nor can such a charge be made, consistently with the other charges in the bill. The case is not brought within the necessity, and, therefore, not within the intention of the special provision of the act against danger of loss by removal. A remedy so unusual, and so severe, ought not to be extended beyond the plain and necessary construction of the statute.

Motion denied.