CHICAGO, B. & Q. R. CO. v. WEIL et al.

(Circuit Court of Appeals, Eighth Circuit. January 10, 1911.)

No. 2,896.

1. EQUITY (§ 175*)—PLEA—COMPLAINANT'S RIGHT TO TAKE ISSUE.

Where, after the filing of an alleged plea in bar, which was in the nature of a plea in abatement, complainant brought the case on for hearing on the plea, and, after a partial allowance thereof, made timely and appropriate motion for leave to take issue thereon, the court erred in denying such leave, and in dismissing the bill as to the defendant as to whom the plea was sustained.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 411; Dec. Dig. § 175.*]

2. ABATEMENT AND REVIVAL (§§ 8, 9*)—OTHER ACTION PENDING—PROCEEDINGS IN EQUITY—IDENTITY OF PARTIES, CAUSE OF ACTION, AND RELIEF.

The B. Ry. Co., an Iowa corporation, commenced a suit in a state court in September, 1905, against four of the defendants joined in the present suit, to restrain them from dealing in nontransferable railroad tickets; the bill charging that defendants had been and were violating complainant's rights, and were threatening and intending to continue to do so. A final decree of injunction was granted for complainant in that suit, but whether any of the defendants subsequently violated or threatened to violate the rights of the complainant was not determined. Two years thereafter the B. R. Co., an Illinois corporation, filed the present suit against the four who were defendants in the former suit and certain others, making no reference to the former suit, or to any acts anterior to that decree, but charged that all of the defendants were violating complainant's rights with reference to the sale of nontransferable tickets, and were threatening and intending to continue to do so, alleging as a particular exigency for the relief sought that several national conventions were about to be held in Denver, Colo., involving the issuance of an unprecedented number of reduced rate tickets, the sale of which by the defendants was essential to have enjoined in order to pro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

tect complainant's rights. *Held*, that the continuance of the permanent injunction granted in the former suit was not ground for the abatement of the present one as to the defendants who were parties thereto, on the theory that the present suit was vexatious; neither the parties nor the subject-matter being the same, and since the court, if necessary to protect the rights of the defendants who were parties to the prior suit, could require as a condition to granting the relief sought that the injunction granted therein be withdrawn or abandoned as to them.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 39-85; Dec. Dig. §§ 8, 9.*

Pendency of action in state or federal court as ground for abatement of action in the other, see notes to Bunker Hill & Sullivan M. & C. Co. v. Shoshone M. Co., 47 C. C A. 205; Barnsdall v. Waltemeyer, 73 C. C. A. 521.]

Appeal from the Circuit Court of the United States for the District of Colorado.

Bill by the Chicago, Burlington & Quincy Railroad Company against I. C. Weil and others. From a decree sustaining as to certain of the defendants an alleged plea in bar in the nature of a plea in abatement, and denying plaintiff leave to take issue thereon, it appeals. Reversed, with directions.

Ernest Knaebel (Joel F. Vaile, Henry McAllister, Jr., and William N. Vaile, on the brief), for appellants.

Clay B. Whitford (Henry E. May, on the brief), for appellee.

Before VAN DEVANTER, HOOK and ADAMS, Circuit Judges.

VAN DEVANTER, Circuit Judge. This is a suit by a railroad company doing an interstate passenger business against divers ticket brokers and scalpers in Colorado, who, as is alleged, are wrongfully dealing in round-trip nontransferable tickets issued at reduced rates. According to the allegations of the bill the case is like that considered in Bitterman v. Louisville & Nashville R. R. Co., 207 U. S. 205, 28 Sup. Ct. 91, 52 L. Ed. 171, and unless those allegations be untrue, or there be otherwise an adequate objection, the complainant is entitled to an injunction such as was approved in that case.

Four of the defendants interposed a joint and several plea, alleging that a like suit had been instituted against them and several others, not parties to the present bill, by the Chicago, Burlington & Quincy Railway Company in the district court of Pueblo county, Colo., that in that suit the railway company obtained a final decree granting an injunction much like that sought by the present bill, and that that decree remains in full force. In the Circuit Court the complainant set the plea down to be argued, and upon argument it was allowed. Two other defendants joined in the plea; but their relation to the former suit was somewhat different, and as to them the plea was overruled.

After the partial allowance of the plea, the complainant in a timely and appropriate way sought to take issue thereon, but was not permitted to do so, and a decree was entered dismissing the bill as to the four defendants, but otherwise granting the relief sought. From so much of the decree as dismissed the bill, the complainant appealed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Plainly the complainant was entitled, after the allowance of the plea, to take issue thereon and to be heard in respect of its truth, and the ruling to the contrary was error. Zimmerman v. So Relle, 25 C. C. A. 518, 80 Fed. 417; United States v. Dalles Military Road Co., 140 U. S. 599, 616, 11 Sup. Ct. 988, 35 L. Ed. 560; Green v. Bogue, 158 U. S. 478, 500, 15 Sup. Ct. 975, 39 L. Ed. 1061.

It appears from the bill and plea that the complainant in the present suit is the Chicago, Burlington & Quincy *Railroad* Company, an Illinois corporation, and that the complainant in the state court was the Chicago, Burlington & Quincy *Railway* Company, an Iowa corporation. Thus the complainant in the present suit is not identical with the complainant in the other. Not only so, but there is nothing in the plea which indicates that they are in privity. The plea, therefore, should have been entirely overruled, not partly allowed.

But as the fault just mentioned may be due to some omission on the part of the pleader, and as it is not present in other cases submitted in connection with this one, we turn to the larger question, whether in other respects the decree in the state court is an obstacle to the maintenance of the suit in the Circuit Court. This question was considered by the Circuit Court, has been fully argued here, and its determination now may shorten the litigation.

Primarily it is to be observed that, for the purpose of determining the sufficiency of the plea, the four defendants must be regarded as admitting the truth of what is well pleaded in the bill, and the complainant who set the plea down to be argued must be regarded as admitting the truth of what is well pleaded in it. In other words, the bill and the plea must be treated as true in point of fact.

The gravamen of the case consists in the present and threatened future invasion by the defendants of the right of the complainant to issue round-trip nontransferable tickets at reduced rates, and to demand that the restriction upon their use be respected. In this regard the present bill is much the same as the one in the state court, and the prayer in each is much the same. We come, then, to the points of difference. The suit in the state court was commenced September 7, 1905. The bill therein charged that the defendants had been and were violating the rights of the complainant, and were threatening and intending to continue to do so; and the decree, being for the complainant, necessarily determined those matters in its favor. But whether any of the defendants subsequently violated or threatened to violate the rights of the plaintiff are matters which were not determined by that decree. The present bill was filed more than two years thereafter, and makes no reference to that suit, or to any acts anterior to that decree; but it does charge that all of the present defendants are violating the rights of the complainant; and are threatening and intending to continue to do so. By way of disclosing a particular exigency for the relief sought, it also alleges that at the time of its filing several national conventions and assemblies were about to meet in Denver, Colo., and that this would lead to the issuance of an unprecedented number of reduced rate tickets entitling the holders, and only the holders, to be carried from different points

in the United States to and from Denver. And it covers a class of nontransferable tickets, not included in the former suit, namely, tickets for winter trips from points in Colorado to and from points in Florida. Some, but not all, of the defendants in the other suit are parties to the present one, and some, but not all, of the defendants in the present suit were parties to the other one. But all of the present defendants, including such of them as were defendants to the other suit, are alleged to be acting in concert, and to be practically in a combination to defraud the complainant by persuading and inducing the traveling public to disregard the nontransferable feature of all the tickets described.

Such being the situation disclosed by the bill and plea, and the requisite elements of federal jurisdiction being present, the complainant plainly was entitled to maintain its bill in the Circuit Court, not only against such of the defendants as were not parties to the prior suit, but also against such of them as were parties thereto, unless the fact that what is now charged against the latter constituted a violation of the injunction in that suit, for which they could be required to answer unto the state court, was a sufficient reason for dismissing the bill as to them.

While the defendants interposing the plea insist that as to them the decree in the former suit is determinative of all the matters charged in the present bill, and is a bar to its prosecution, it must be ruled otherwise; for obviously that decree is not determinative of what has been done and threatened since its rendition. Not only so, but the rule against vexing one by repeated and unnecessary litigation is not always available to prevent a second suit in respect of the same matter, as is illustrated by the well-recognized rule that a debt for the payment of which a judgment has been recovered may, if the debt remain unpaid, be made the subject of a second action by the creditor against the debtor.

Although the present plea seems to have been styled a plea in bar, and although it concludes as would such a plea, it is more in the nature of a plea in abatement; for at most it only shows that what is now charged against those who interpose it constitutes a violation of the existing injunction in the state court for which they may be required to answer unto that court. Doubtless the plea would be well taken if the injunction had been granted but recently, and the defendants interposing the plea were not here charged with anything outside the scope of the injunction, or with acting in concert with others who are not bound by it. But, as the case is not of that character, we must consider whether, in view of its distinguishing features, there was any sufficient reason for abating it as to the four defendants. The question is one in respect of which pertinent decisions are few in number, but a reference to such as there are will fairly disclose the principles which must be regarded as controlling.

Of the cases relied upon by the defendants, Livingston v. Gibbons, 4 Johns. Ch. 571, alone deserves special mention. There a second injunction was sought in aid of an action at law: the second suit being wholly between the same parties and being indistinguishable from the suit in which the first injunction was obtained. Both suits were in the

same court. In refusing to grant a second injunction during the existence of the first, Chancellor Kent said:

"A repetition of the injunction, while the former was in force, would be idle and useless, and derogatory to the authority of the court. If that injunction has been violated, the remedy should be by application for an attachment; or if that injunction has been voluntarily withdrawn by the plaintiff, after it was served, by some arrangement between the parties (but of which nothing is stated in the bill), the fact, and the reason of it, and the new grounds for a renewed application, ought to have been fully stated."

The matter again came before the Chancellor upon a third application, as is shown in 5 Johns. Ch. 250, and that application also was denied, because it appeared that the plaintiff had withdrawn the first injunction, and thereby had obtained a valuable consideration and advantage not otherwise obtainable, and because, as was said by the Chancellor:

"It would seem to be contrary to equity and good faith for the plaintiff, after having obtained a valuable consideration for the dissolution of his injunction, to procure it to be restored. * * * It would be unjust in itself, and derogatory to the authority and dignity of the administration of justice, to suffer the process of the court, imposing great and inconvenient restrictions on the defendant, to be withdrawn, in order to procure, by the operation of that fact, advantages against that very defendant, * * * and then to be reinstated in its former vigor."

Plainly the facts upon which the Chancellor's rulings in that case were rested were such that what was said has but little application here.

In Gordon v. Gilfoil, 99 U. S. 168, 178, 25 L. Ed. 383, which was not a suit involving the actual or potential custody of property, the general rule was announced and applied that:

"The pendency of a suit in a state court is no ground even for a plea in abatement to a suit upon the same matter in a federal court."

And in Insurance Co. v. Bruner's Assignee, 96 U. S. 588, 592, 24 L. Ed. 737, the court, although observing that "at law the pendency (in a domestic court) of a former action between the same parties for the same cause is pleadable in abatement to a second action, because the latter is regarded as vexatious," quotes with approval Lord Hardwicke's statement in Foster v. Vassall, 3 Atkyns, 587, that:

"The general rule of courts of equity with regard to pleas is the same as in courts of law, but exercised with a more liberal discretion."

The existence of this discretion, its extent, and the purpose with which it is exercised are well shown in Bates' Federal Equity Procedure, vol. 1, § 263, where, following closely the decision of the Supreme Court of Connecticut in Hatch v. Spofford, 22 Conn. 485, 58 Am. Dec. 433, the author says:

"This rule (respecting abatement in courts of equity) is not a rule of unbending rigor, nor of universal application, nor a principle of absolute law. It is rather a rule of justice and equity, generally applicable, and always where the two suits are virtually alike and in the same jurisdiction. In applying the rule it should be kept steadily in mind that a plea in abatement, being a dilatory plea, is not like a plea of payment or satisfaction, or of

some other matter in bar of the merits of the claim, which would find more favor; but its object is to cause postponement and delay, and the language of the plea is that the second suit is unnecessary and vexatious, and should be abated. A second suit is not, of course, to be abated and dismissed as vexatious; but all the attending circumstances are to be first carefully considered, and the true inquiry will be whether or not the aim of the plaintiff is fair and just, or oppressive and vexatious. If the plaintiff, by a second suit, can place his claim in a more favorable condition for obtaining redress, he should be permitted to do it."

The case of Massachusetts Mutual Life Insurance Co. v. Chicago & Alton R. R. Co. (C. C.) 13 Fed. 857, 860, is in some respects much in point. The situation there considered and the ruling thereon are shown in the following extract from the opinion of Mr. Justice Harlan:

"These pleas relate to the pendency in this court of a prior suit instituted by Bond, as trustee for the present complainant, against these two defendants and others. I am of opinion that the facts averred in those pleas are insufficient to bar this suit. It may be, as it is averred to be, that the Bond suit is for the same matters and for the like relief and purposes against Mitchell and the Chicago & Illinois River Railroad Company as the present suit. But it is not inconsistent with the pleas that the complainant in this suit seeks as against other defendants (some of whom are also defendants in the Bond suit, and some of whom are not parties thereto) relief not asked in or embraced by the Bond suit. If the relief asked in this suit is materially different from, or more comprehensive and extended than, that asked by the Bond suit—that is to say, if the present suit embraces more as to parties and subject-matter than the Bond suit—although the relief asked as to Mitchell and the Chicago & Illinois River Railroad may be identical in the two suits, the court does not perceive how the pendency of the first can be a bar to the prosecution of the last suit. So far as the present suit in respect to these two defendants is identical with the former suit, it may be (assuming that the Bond suit is really in the interest or can be controlled by the present complainant) that, pending this, the further prosecution of that suit should be prevented by an order of the court. This because it is quite certain, upon the facts alleged in the pleas, that the final decree in this cause will be a conclusive adjudication of the matters involved in the Bond suit. These pleas are, for the reasons given, held to be insufficient to bar this suit."

We conclude that in equity the rule in respect of such pleas, although analogous to the rule at law, is not absolute or inflexible, but is a rule of justice, which is designed to be so administered as to prevent the oppression and unnecessary vexation of defendants, and yet to accord to complainants the right to pursue any remedy which is reasonably essential to their complete and adequate protection. And, applying this conclusion to the circumstances of the present case, we think the plea was not well taken and should have been overruled. Not only was the scope of the suit in the Circuit Court more extensive in its subject-matter and parties, but there was obvious propriety in directing it against all who were engaged in the concerted and combined violation of the complainant's rights. And if there was any reason to apprehend that the prior injunction in the state court would operate injuriously to the four defendants, the Circuit Court could have required, as a condition to granting the relief sought, that that injunction be withdrawn or abandoned as to them. Mitchell v. Bunch, 2 Paige, Ch. 606, 621, 22 Am. Dec. 669.

183 F.—61

In so far, therefore, as the decree allowed the plea and dismissed the bill as to the four defendants, it is reversed, with directions that such further proceedings be had in the suit as may not be inconsistent with this opinion.