ARTHUR W. FAIRCHILD *et als. vs.* UNIFORM SEAMLESS WIRE COMPANY.

MARCH 8, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

(1)   *Receivers. Appeal.*

A decree authorizing a receiver to sell the assets of an estate is interlocutory and under Gen. Laws, 1909, cap. 289, § 34, an appeal must be taken therefrom within ten days.

(2)   *Receivers. Appeal.*

A receiver may properly make a motion to dismiss an appeal from a decree authorizing the sale of the assets of an estate.

PROCEEDINGS for appointment of receiver. Heard on motion to dismiss appeal of a stockholder from a decree authorizing the conversion of the property into cash. Motion granted.

PER CURIAM.   Upon the petition to the Superior Court of several stockholders and creditors Elijah Astle of Pawtucket, on March 7, 1916, was appointed temporary receiver of the estate and effects in this State of the Uniform Seamless Wire Company, a foreign corporation, and after notice to all stockholders and creditors was upon hearing on March 16, 1916, appointed permanent receiver. Afterwards on July 7, 1917, the said receiver was authorized by decree of said Superior Court to sell at public auction the business and assets of said respondent company in this State consisting of

stock, tools and machinery in two factories, together with the notes and accounts receivable in connection with the business of the Company.

At the time this last decree was entered one Richmond Seabury of Providence, a stockholder in said corporation, through counsel objected to the granting of the petition. On August 4, 1917, upon his petition he was by decree formally made a party to the above-entitled proceeding. On August 6, 1917, said Seabury filed in said Superior Court his claim of appeal to this court from said decree of July 7, stating therewith his reasons of appeal.

On October 18, 1917, said receiver filed in this court a motion to dismiss said appeal on the ground that the appeal was not taken within the time provided therefor by statute.

We are of opinion that the decree of July 7, 1917, which simply authorized the conversion of the property of the defendant corporation into cash by a sale at public auction was an interlocutory decree. See *McAuslan* v. *McAuslan*, 34 R. I. 462; *Angevine* v. *O'Mara*, 35 R. I. 253. As the appeal of said Seabury was not taken "within ten days from the entry" of the decree appealed from, as provided by Section 34 of Chapter 289 of the General Laws, it is not properly before us. We think the receiver may properly make a motion to dismiss the appeal as he is custodian of the property and in making the motion is simply endeavoring to carry into effect a decree of the court appointing him, whose hand he is. *Bosworth* v. *Terminal Road Association*, 174 U. S. 182, 186.

The motion to dismiss the appeal is granted and the cause is remanded to the Superior Court for further proceedings.

*Russell W. Richmond*, of Providence, for appellant.

*Mumford, Huddy & Emerson*, for receiver.