DECISION AND FINAL JUDGMENT OF DISMISSAL
The executor of the estate of Jerry K. Williams is appealing from the August 27, 1997, order of the Common Pleas Court of Greene County, Ohio, Division of Domestic Relations, denying his motion for reconsideration of the court's judgment entry of June 27, 1997, dismissing the action and further denying the executor's motion to compel the plaintiff, Deborah S. Williams, to file a divorce decree.
The underlying action is a divorce action filed by Deborah S. Williams against Jerry K. Williams on April 30, 1996. (For ease of identification only first names will be used hereafter.) After an answer filed by Jerry and a hearing before a magistrate, an order was issued by the magistrate which included, inter alia, a division of Jerry's 401K plan after subtracting $9, 200 of it as a non-marital asset. Both parties filed objections, and the plaintiff objected, inter alia, against the decision crediting $9,200 to Jerry out of his 401K plan. A supplemental decision and order was issued by the magistrate on May 29, 1997, in which, as to the 401K plan issue, the magistrate ordered:
 "The defendant and Merrill Lynch and Chrysler to provide this court with a copy of the account at its inception and of the date of the parties' marriage. If said account does not show a lump sum payment, it shall not be included as premarital property. The parties shall rely on said records to determine what, if any, amount of the 401K is premarital. Said document shall be presented to the court forthwith and at the latest within thirty days." (Emphasis applied.) (Docket 51.)
On June 11, 1997, Jerry filed a "Request for Direction of the Court" in which he moved the court for an order "determining the total non-marital and marital values of the Chrysler Salaried Employees Savings Plan [the 401K plan], in the above-captioned matter. . . . The final asset remaining at issue and not settled by the parties concerns the marital portion of Mr.Williams' retirement plan with Chrysler Corporation." Jerry's argument in his request for direction of the court is that he is entitled to have $9,440.22 of his 401K plan (the Chrysler Salaried Employee Savings Plan) credited to him in that it consists of a total of separate contributions of stock made by him and Chrysler to the plan before the date of his marriage. He attached copies of certain accounting documents to his request which show certain contribution figures which, Jerry argued, require his explanation to the court.
Defendant, Jerry K. Williams, died on June 13, 1997.
Plaintiff, Deborah, responded on June 24, 1997, to Jerry's June 11, 1997 filing saying that the issue is moot since Jerry died on June 13, 1997, "without a finalization of divorce." On June 25, 1997, John Williams, Jr., the executor of the estate of Jerry K. Williams, deceased, filed a motion to compel the plaintiff to file a decree of divorce arguing that every matter had been settled, and that the filing of the decree of divorce was, in effect, purely ministerial action. (Docket 57.)
On June 27, 1997, the trial court sua sponte dismissed the case on the ground of Jerry's death on June 13, 1997. (Docket 58.) On July 11, 1997, Jerry's executor filed a "Request for Reconsideration and for Ruling on Motion to Compel." No appeal was taken from the dismissal of the case on June 27, 1997. Instead, the parties went on to a hearing before the court on defendant's motions on August 18, 1997, and on August 27, 1997, the trial court denied the motion for reconsideration and to compel plaintiff to file a decree, finding that divorce was an inpersonam action and, therefore, the court would not proceed any further. A notice of appeal was filed from that decision on September 19, 1997.
Jerry's estate, appellant herein, brought the following three assignments of error to this court:
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT DISMISSED THIS ACTION FOR LACK OF IN PERSONAM JURISDICTION WITHOUT RULING UPON JERRY K. WILLIAMS' MOTION FOR AN ORDER TO COMPEL THE FILING OF A DIVORCE DECREE.
ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT OVERRULED APPELLANT'S MOTION FOR RECONSIDERATION AND FOR AN ORDER COMPELLING THE FILING OF THE DIVORCE DECREE.
ASSIGNMENT OF ERROR NO. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT FAILED TO EXERCISE ITS PLENARY EQUITABLE JURISDICTION UNDER OHIO REV. CODE § 3105.011.
After briefs by both parties had been filed but before the oral argument scheduled on March 23, 1998, this court issued on March 16, 1998, an order to show cause to defendant-appellant whereby we ordered him to show cause why the appeal should not be dismissed on the grounds that it is untimely, citing Pitts v.Dept. of Transportation (1981), 67 Ohio St.2d 378, 21 O.O.3d 238. The appellant filed a response on March 19, 1998. Oral argument took place, and at that time we granted the appellee time to file a reply to our order to show cause, which she did on March 27, 1998.
Appellant argues that his motion for reconsideration is like a motion for a new trial, which tolls the time for filing an appeal. App.R. 4(B)(2). This argument, while perhaps ingenious, is completely without merit. The appellant's motion on July 11, 1997, was clearly labeled and argued as a request for reconsideration, not for a new trial. The motion for reconsideration is a nullity under both the civil and criminal rules of Ohio and does not toll the time for filing an appeal.Pitts v. Dept. of Transportation, supra; Cleveland Heights v.Richardson (1983), 9 Ohio App.3d 152. The appeal in this case is clearly untimely, and it is hereby dismissed.
We note, however, that even had an appeal been timely taken from the trial court's dismissal of this divorce case on the grounds of death of one of the parties, the appeal would not have succeeded. It is clear in the law that the court was correct to dismiss this divorce case when defendant Jerry Williams died before all the issues had been settled. State ex rel. Sullivan v.Brigner (Nov. 25, 1992), Montgomery App. No. 13461, unreported;Koch v. Koch (Mar. 4, 1994), Sandusky App. No. S-93-5; State exrel. Litty v. Leskovyansky (1996), 77 Ohio St.3d 97.
It is clear from the record that one issue at least was outstanding at the time of Jerry's death, and that is the question of how much, if any, of his 401K Chrysler Salaried Employees Savings Plan was to be subtracted from it as a premarital asset before it was divided by the court between the parties. The unresolved nature of that issue is clearly proven by Jerry's own filing on June 11, 1997, of his request for direction from the court in order to resolve that issue. The statements in that filing, hereinabove quoted, are judicial admissions, and Jerry's estate cannot now argue otherwise. State v. Rowland (Aug. 8, 1997), Greene App. No. 96 CA 135, unreported; State v. Pipkins
(Feb. 9, 1996), Montgomery App. No. 15060, unreported; AbrazonineCo. v. Engineering Co. (1910), 17 OCCNS 209; Bosworth v. TerminalR.D. Association (1899), 174 U.S. 182, 189.
All three assignments of error are overruled, and the case is dismissed as the appeal is untimely.
__________________________________
FREDERICK N. YOUNG, Presiding Judge
__________________________________
JAMES A. BROGAN, Judge
__________________________________
WILLIAM H. WOLFF, JR., Judge
Copies mailed to:
Cynthia A. Lennon
Diane L. Gentile
Hon. Judson L. Shattuck, Jr.