OPINION
{¶ 1} Wayne Mutual Insurance Company is appealing from the decision of the trial court, Common Pleas Court of Montgomery County, Ohio, sustaining defendant Allstate Property and Casualty Company's cross-motion for summary judgment. In its decision, the court says that it "hereby adopts the legal arguments put forth in Allstate's Motion for Summary Judgment and finds that reasonable minds could not differ as to whether, pursuant to the Ohio Supreme Court's ruling in Scott-Pontzer v.Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, Wayne Mutual can recover contribution for an insurance claim it settled with its insured in the amount of $60,456.44 plus interest, court costs, and attorney fees." (Docket 13). The court then found Allstate was entitled to judgment as a matter of law.
 {¶ 2} In its cross-motion for summary judgment, the defendant Allstate presented the following summarized arguments which have been apparently adopted by the trial court:
 {¶ 3} "Plaintiff's claim is without merit, for several reasons. First, it has long been settled law that if a specific policy and a general policy both cover the same loss, the specific policy provides primary coverage. Second, pursuant to the policies' `other insurance' provisions, Plaintiff's policy is primary, and Allstate's policy (assuming that it provides coverage at all) is excess. Third, Plaintiff's claim is barred by late notice. Plaintiff (and others like it) should not be permitted to resurrect old claims in order to seek `contribution' fromScott-Pontzer insurers long after an accident occurred. Finally, in paying the full amount of an obligation that Plaintiff now claims that it did not owe, Plaintiff is a volunteer, and is not entitled to contribution. Accordingly, summary judgment should be entered in favor of Allstate." (Docket 12, pg. 2).
 {¶ 4} The appellant, Wayne Mutual Insurance Company, brings the following four assignments of error:
 {¶ 5} "1. THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY DENYING ITS MOTION FOR SUMMARY JUDGMENT AND IN GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
 {¶ 6} "2. THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN HOLDING THAT PLAINTIFF-APPELLANT'S UNINSURED MOTORIST COVERAGE WAS EXCESS OF PLAINTIFF-APPELLANT'S UNINSURED MOTORIST COVERAGE.
 {¶ 7} "3. THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN HOLDING THAT PLAINTIFF-APPELLANT'S LACK OF PROMPT NOTICE WAS UNREASONABLE AND PREJUDICIAL THEREFOR NEGATING COVERAGE.
 {¶ 8} "4. THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN HOLDING THAT IT WAS A VOLUNTEER THEREBY REVIELVING [sic] DEFENDANT-APPELLEE OF ANY OBLIGATION."
 {¶ 9} We find it unnecessary to address either the assignments of error or the appellee's arguments in favor of summary judgment. The appellant is seeking contribution from Allstate, which had insured Sears Roebuck Co., which is the employer of the victim of the accident in this case, Jack Hickman, caused by an uninsured motorist. Relying on the holding by the Supreme Court of Ohio in Scott-Pontzer v. Liberty Mut.Fire Ins. Co. (1999), 85 Ohio St.3d 660, the appellant argues that the appellee necessarily by application of law covered the employees of its insured, Sears Roebuck Co., for uninsured and underinsured motorist coverage.
 {¶ 10} In its motion for summary judgment in its favor, plaintiff Wayne Mutual Insurance Company stated that: "Admittedly Mr. Hickman was not . . . acting in the scope of his employment on March 16, 1987, [the date of the accident caused by an uninsured motorist]." (Docket 10, filed Nov. 22, 2002). This constitutes a judicial admission by the attorney which must be held against his client. Vossworth v. Terminal R.D.Association (1899), 174 U.S. 182, 189.
 {¶ 11} The appellant relies on Scott-Pontzer's holding that it was unnecessary for the employee to be acting in the scope of his employment in order to receive the uninsured motorist coverage, but this holding was recently and specifically overruled by the Supreme Court of Ohio inWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, paragraph two of the syllabus. Thus, any claimed coverage by defendant of the employees of its insured, Sears Roebuck Co., did not extend to Mr. Hickman on the date of the accident. The assignments of error are therefore overruled, and the judgment of the trial court is affirmed, albeit not for the reasons it cited and adopted, but because of the new decision by the Supreme Court of Ohio, which was rendered after the decision of the trial court.
 {¶ 12} We acknowledge receipt of Wayne Mutual Insurance Company's motion to dismiss, which we now regard as moot.
WOLFF, J. and GRADY, J., concur.